Nathan E. DeLadurantey (SBN: 244190)
nathan@dela-law.com
Heidi N. Miller (SBN: 277791)
heidi@dela-law.com
**DeLadurantey Law Office, LLC**
735 W. Wisconsin Ave., Suite 720
Milwaukee, WI 53233
Telephone: (414) 377-0515
Facsimile: (414) 755-0860

Attorneys for Plaintiff
Boris Baryshnikov

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORIS BARYSHNIKOV,<br>    PLAINTIFF,<br><br>v.<br><br>UNIVERSAL CREDIT CORPORATION<br>    DEFENDANT. | Case No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand does not Exceed $10,000** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

//

---

[1] 15 U.S.C. 1692(a)-(e)

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. BORIS BARYSHNIKOV, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of UNIVERSAL CREDIT CORPORATION, (hereinafter "Defendant Universal Credit"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.(hereinafter "FDCPA").

7. Because Defendant Universal Credit does business within the State of California, personal jurisdiction is established.

---

[2] Cal. Civ. Code 1788.1 (a)-(b)

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of Valley Village, County of Los Angeles, State of California and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which is alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant Universal Credit is a company operating from the City of San Diego, County of San Diego, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant Universal Credit uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant Universal Credit and its collectors are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

//

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.
16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant Universal Credit conducted business in the State of California.
17. Mr. Baryshnikov sent a letter to Defendant Universal Credit dated April 7, 2014, asking for business records, as he was afraid the account was posting on his credit file due to fraud.
18. Defendant Universal Credit responded with a Verification of Debt letter dated May 28, 2014.
19. With the May 28, 2014, Defendant Universal Credit included a demand "that you immediately send to our office your PAYMENT-IN-FULL."
20. Mr. Baryshnikov sent another letter to Defendant Universal Credit dated May 30, 2014, asking that the trade line be removed from his credit.
21. Defendant Universal Credit responded with a June 4, 2014 letter enclosing enrollment agreements from 2006 and 2009 and told Mr. Baryshnikov to "govern yourself accordingly."
22. On June 14, 2014, Mr. Baryshnikov wrote a letter to Equifax, requesting an investigation into an account placed by Defendant Universal Credit on his consumer disclosure.
23. Upon information and belief, that letter was forwarded from Defendant Universal Credit.
24. In response to Mr. Baryshnikov's June 14 letter, Defendant Universal Credit sent Mr. Baryshnikov's letter back to him, along with a copy of a May 28, 2014 validation letter sent from Defendant Universal Credit, a copy of the certified mail receipt, a copy the domestic return receipt form, and a post-it note that stated "YOU ARE A LIEING [sic] PIECE OF SH*T. ONCE A

LIER [*sic*] – ALWAYS A LIER [*sic*]."

### CAUSES OF ACTION CLAIMED BY PLAINTIFF
### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e, 1692f, 1692f(1), with respect to the Plaintiff.

27. Under 15 U.S.C. §§ 1692d and 1692d(2), "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" in the form of "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader."

28. The phrase "YOU ARE A LIEING [*sic*] PIECE OF SH*T" includes profane language.

29. The phrase "YOU ARE A LIEING [*sic*] PIECE OF SH*T" had the effect of oppressing and abusing Mr. Baryshnikov.

30. The phrase "ONCE A LIER [*sic*] – ALWAYS A LIER [*sic*]" had the effect of accusing and therefore harassing Mr. Baryshnikov.

31. Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**§§ 1788-1788.32 (RFDCPA)**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

34. Specifically, California Civil Code § 1788.17 incorporates the portions of the 15 U.S.C. § 1692, the violation of which was discussed *supra* under Count I.

35. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

**FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to

California Civil Code § 1788.30(c), from Defendant.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 13, 2014_____

Respectfully submitted,
**DeLadurantey Law Office, LLC**

By: s/ Nathan E. DeLadurantey
**Nathan E. DeLadurantey**
**Heidi N. Miller**
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA           )
                              ) ss
COUNTY OF Los Angeles         )

Plaintiff Boris Baryshnikov, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Boris Baryshnikov

Subscribed and sworn to before me
this 29th day of October, 2014.

Notary Public
My commission expires: 10/15/2015

ARTHUR M. LAI
Commission No. 1956612
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires OCTOBER 15, 2015